UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED IN OPEN COURT
DATE: 9/6/22
TIME: 11:45
INITIALS: JPW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-20210-TLP |
| | ) | |
| v. | ) | |
| | ) | |
| JOEL LATTIMER, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The following constitutes the Plea Agreement reached between the United States, represented by JOSEPH C. MURPHY, JR., United States Attorney, and his assistant, LAUREN DELERY, and the defendant, JOEL LATTIMER, represented by WILLIAM D. MASSEY, defense counsel.

1.  JOEL LATTIMER agrees:

    a.  to enter a voluntary plea of guilty to Counts 1 and 2 of the Information, which charge him with attempted transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470 and solicitation of child pornography in violation of 18 U.S.C. § 2252A(a)(3)(B);

    b.  to knowingly and voluntarily waive his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as the sentence of imprisonment is within or below the applicable guideline range, whatever that range may be. The waiver in this paragraph does not apply to claims relating to prosecutorial

1

misconduct and ineffective assistance of counsel and is made in exchange for the concessions by the UNITED STATES as set forth in this Plea Agreement;

c. to waive, except with respect to claims of ineffective assistance of counsel or prosecutorial misconduct, his right to challenge the voluntariness of his guilty plea either on direct appeal, or in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255;

d. to pay the mandatory $100 special assessment per count to be imposed pursuant to 18 U.S.C. § 3103 to the United States District Court Clerk upon imposition of the sentence, and to submit to the Court the issue of the assessments under 18 U.S.C. § 3014 and § 2259A and restitution under 18 U.S.C. § 2259.

e. during any period of supervised release, and pursuant to 18 U.S.C. § 3563(b)(23) and 18 U.S.C. § 3583(d), to submit his person, property, house, residence, vehicles, papers, computer, other electronic communications or data storage devices to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of his supervised release or any unlawful conduct during the period of supervision, and by any probation officer in the lawful discharge of the officer's supervision functions;

f. to comply with the registration requirements of the Sex Offender Registration and Notification Act (SORNA);

g. that he is satisfied with his attorneys' representation;

h. that he is pleading guilty freely and voluntarily, after having consulted with counsel, and because he is guilty.

2. PENALTIES: LATTIMER understands that the crimes to which he is pleading guilty carry the following penalties:

   a. Count 1: Not more than 10 years imprisonment;

   b. Count 2: Not less than 5 years and not more than 20 years imprisonment, but with a prior conviction for a crime involving sexual abuse or exploitation of children, not less than 15 years and not more than 40 years imprisonment;

   c. a maximum fine of $250,000;

   d. a mandatory special assessment of $100 per count pursuant to 18 U.S.C. § 3013;

   e. an assessment of $5,000 under 18 U.S.C. §3014;

   f. a term of supervised release of at least 5 years and up to life;

   g. registration as a sex offender under the Sex Offender Registration and Notification Act.

3. The United States agrees to recommend

   a. that LATTIMER receive full credit for acceptance of responsibility pursuant to U.S.S.G. §3E1.1;

   b. that LATTIMER be sentenced within the guideline range, as calculated by the Court;

   c. that LATTIMER be allowed to report to an in-patient mental health facility, for a period of up to 90 days, after entry of his guilty plea and before his sentencing hearing.

4. LATTIMER understands and acknowledges:

   a. that the United States will be required to provide the Court with a factual basis for the offense to which he is pleading guilty and will be free to therein fully describe the nature of the offense and the evidence in the case. LATTIMER further acknowledges that he has read the United States' Basis in Fact, appended hereto, and does hereby stipulate that the facts set forth therein are true and correct in all material respects;

b. that the United States will recommend to the Court that special conditions of supervised release be imposed, including, but not limited to, restrictions on contact with minors and use of the internet;

c. that he will be required to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA) and the laws of the State of Tennessee;

d. that if the United States receives information between the signing of this agreement and the time of sentencing that the defendant has previously engaged, or engages in the future, in conduct inconsistent with the acceptance of responsibility, the United States' position on acceptance of responsibility credit could change. Whether or not acceptance of responsibility credit is granted is a matter to be determined by the Court, and failure of the Court to grant such credit shall not be a basis for the defendant to withdraw his guilty plea;

e. that if his plea of guilty is accepted and he later attempts to withdraw his plea, such attempt will be in breach of this plea agreement.  Regardless of whether any such attempt is successful, the United States will be relieved of all obligations and restrictions imposed by the terms of this agreement.

6. This Plea Agreement constitutes the entire agreement between the parties.

FOR THE UNITED STATES:
JOSEPH C. MURPHY, JR.
UNITED STATES ATTORNEY

*[signature]*             9/6/22
LAUREN DELERY             Date
Assistant United States Attorney

*[signature]*             9-6-2022
WILLIAM D. MASSEY         Date
Counsel for Defendant

*[signature]*             9-6-2022
JOEL LATTIMER             Date
Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | Case No. 22-20210-TLP |
| ) | |
| v. ) | |
| ) | FILED IN OPEN COURT |
| **JOEL LATTIMER,** ) | DATE: 9/6/22 |
| ) | TIME: 11:45 Am |
| Defendant. ) | INITIALS: JPW |

**BASIS IN FACT**

Between October and November, 2021, Joel Lattimer chatted, via internet social networking applications including Whisper, Kik, and Wickr, with FBI Online Covert Employees (OCEs) who were posing as a father and his twelve-year-old daughter named Jayleen. Over the course of their conversations, the OCEs posing as Jayleen and her father told Lattimer that Jayleen was twelve years old and that the father frequently had sex with Jayleen. Lattimer asked the OCEs to send, via the internet social networking applications, photos and videos of the sexual abuse of Jayleen. At the time of the his requests, Lattimer believed that the solicited materials would contain child pornography.

On November 4, 2021, Lattimer sent to the OCE posing as Jayleen, via the Wickr internet social networking application, two videos of himself masturbating. His erect penis was clearly visible in the videos. Lattimer knew that the videos were obscene, and believed that he was sending them to a person under the age of 16.

In an interview with the FBI, Lattimer admitted that he was the person chatting with the OCEs, that he was told that Jayleen was 12 years old, that he asked for the OCEs to send him child pornography, that he sent the videos, and that he was the person depicted in the videos.

The internet is a means and facility of internet commerce.

6

These events, and others, occurred in Bartlett, TN, in the Western District of Tennessee, and elsewhere.

## ACKNOWLEDGEMENT

I, JOEL LATTIMER, hereby acknowledge that I have read the foregoing basis in fact and do hereby stipulate that the facts set forth above are true and correct in all material respects.

_____  
WILLIAM D. MASSEY  
Counsel for Defendant

9-6-2022  
Date

_____  
JOEL LATTIMER  
Defendant

9-6-22  
Date

7